# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERT STYLC, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>STANDARD INSURANCE COMPANY<br>and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 2:16-cv-5444 MWF (KSx)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Complaint Filed:  May 20, 2016 |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Confidentiality Agreement ("Stipulation") filed on November 14, 2016, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 4, 7.2, 7.3, 8, 11,  and 12 of, and Exhibit A to, the Stipulation.**

//

//

//

//

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

1

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

## 1.     A.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby jointly move the Court to enter the following Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## B.     GOOD CAUSE STATEMENT

This action is likely to involve valuable commercial, financial, or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or

---

[1]  The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

2

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   **DEFINITIONS**

2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the applicable procedural rules governing protective orders.

2.4   <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

153428.1

3

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

2.11 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

153428.1

4

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected material.

Any use of the Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

Even after the ~~termination~~ **final disposition** of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**
153428.1

5

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top or

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

153428.1

6

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

bottom of each page that contains protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of transcripts from the court reporter to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."   If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

5.3   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>:   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith pursuant to the dispute resolution process under Local Rule 37.1, *et seq.*   The challenging party must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.   In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

LAW OFFICES
**MESERVE,**
**MUMPER &**
**HUGHES LLP**

153428.1

8

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion pursuant to the requirements of Local Rule 37.1, *et seq.* that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs,

(f)    professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(fg)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(gh)    the author of the document or the original source of the information.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

7.3   Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)  House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(c)   Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(d)  the Court and its personnel;

(e)  court reporters, their staffs,

(**f**)  professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f**g**)  the author of the document or the original source of the information.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than five court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue **and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.**

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   FILING PROTECTED MATERIAL

Documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," and all information contained therein or derived

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

13

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

there from, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such "confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "confidential" and the filing party has complied with the Court's rules regarding filing documents under seal.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.    The parties hereby agree that either party can request that the court file documents under seal in compliance with Local Rule 79-5.  The non-moving party shall not object to the documents being filed under seal as long as the documents that are the subject of the application are governed by the confidentiality stipulation. **If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record  unless otherwise instructed by the court.**

## 12.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final ~~termination~~ **disposition** of this action, each Receiving Party must destroy or return to the Designating Party all Protected Material at the option of the Designating Party, with the exception that all attorney work-product information may be destroyed at the option of the Receiving Party.  As used in this subdivision, "all Protected Material" includes all copies, abstract, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

14

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1   that the Receiving Party has not retained any copies, abstracts, compilations,

2   summaries or other forms of reproducing or capturing any of the Protected Material.

3       Notwithstanding this provision, Counsel are entitled to retain an archival copy

4   of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

5   attorney work product, even if such materials contain Protected Material.  Any such

6   archival copies that contain or constitute Protected Material remain subject to this

7   Protective Order as set forth in Section 4 (DURATION), above.

8      **13.**   **MISCELLANEOUS**

9      12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right

10   of any person to seek its modification by the Court in the future.

11      12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of

12   this Protective Order no Party waives any right it otherwise would have to object to

13   disclosing or producing any information or item on any ground not addressed in this

14   Stipulated Protective Order.  Similarly, no Party waives any right to object on any

15   ground to use in evidence of any of the material covered by this Protective Order.

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

15

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1    ~~APPROVED   AS   TO   FORM:~~  **IT   IS   SO   STIPULATED,   THROUGH**
2    **COUNSEL OF RECORD.**

3
4    Dated:  November 15, 2016          Christian J. Garris
                                        LAW OFFICES OF CHRISTIAN J. GARRIS
5

6                                       By:  */s/ Christian J. Garris*
7                                            Christian J, Garris
                                             Attorneys for Plaintiff
8                                            NORBERT STYLC

9
10   Dated:  November 15, 2016          Linda M. Lawson
                                        Jason A. James
11                                      MESERVE, MUMPER & HUGHES LLP

12
13                                      By:  */s/ Jason A. James*
                                             Jason A. James
14                                           Attorneys for Defendant
                                             STANDARD INSURANCE
15                                           COMPANY

16

17          PURSUANT TO STIPULATION, IT IS SO ORDERED.

18

19

20
     Dated: November 15, 2016
21                                      _____
22                                      Hon. Karen L. Stevenson
                                        United States Magistrate Judge
23

24

25

26

27

28

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

153428.1

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

## EXHIBIT "A"

I, _____, declare as follows:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

I received a copy of the Confidentiality Agreement and Protective Order for the matter of *Norbert Stylc v. Standard Insurance Company, and Does 1-50, inclusive*, United States District Court - Central District Case No. 16-cv-05444 MWF (KSx) ("Protective Order").

4.    I have carefully read this Protective Order and certify that I understand its provisions.

5.    I agree to comply with all the provisions of this Protective Order **and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.**

6.    Subject to the terms of the Protective Order, I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information contained in the Protected Material that is disclosed to me in this case.

7.    Subject to the terms of the Protective Order, I will use such information that is disclosed to me only for purposes of this case.

8.    Upon request, I will return and deliver all Protected Material that comes into my possession, and all documents or things that I have prepared relating thereto, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the Protected Material.

9.    I hereby submit to the jurisdiction of this Court for the purpose of enforcing the Protective Order in this case **even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection**

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153428.1

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1  **with this action or any proceedings related to enforcement of this Protective**

2  **Order.**

3

4       I declare under penalty of perjury under the laws of the United States of

5  America that the foregoing is true and correct.   Executed this _____ day of

6  _____, 201__, at _____ [City], _____ [State].

7

8                                                    _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

153428.1

18

Case No.  2:16-cv-5444 MWF (KSx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER